United States District Court
Southern District of Texas
**ENTERED**
April 15, 2016
David J. Bradley, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| HAYDEN LEE FRANKS, *et al.*, | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-15-191 |
| | § | |
| TYHAN, INC., *et al.*, | § | |
| | § | |
| *Defendants.* | § | |

### MEMORANDUM OPINION & ORDER

Pending before the court are (1) a motion for partial judgment on the pleadings filed by plaintiff Hayden Lee Franks, individually and on behalf of all others similarly situated (Dkt. 16); (2) a motion for extension of time to respond to plaintiffs' motion for partial judgment on the pleadings filed by defendants Tyhan, Inc. d/b/a Auto Fix Unlimited and Sam Sunny Zamir ("Defendants") (Dkt. 19); and (3) a request for leave to amend their answer by Defendants (Dkt. 21). The motion for extension of time to respond to plaintiff's motion for partial judgment on the pleadings (Dkt. 19) is GRANTED. After considering the motion for leave to amend answer and motion for partial judgment on the pleadings, responses, replies, and applicable law, the court is of the opinion that Defendants' motion for leave to amend their answer (Dkt. 21) should be GRANTED and Franks's motion for partial judgment on the pleadings (Dkt. 16) should be DENIED.

### I. BACKGROUND

In this Fair Labor Standards Act ("FLSA") collective action, Franks seeks to recover unpaid regular and overtime wages. Dkt. 1 at 1. Franks alleges that Defendants violated the FLSA by (1) paying Franks and other similarly situated nonexempt employees a wage that falls below the statutory minimum of 29 U.S.C. § 206(a)(1); (2) employing Franks and other similarly nonexempt

employees for a workweek longer than forty hours but refusing to compensate them for the rate

mandated by 29 U.S.C. § 207(a)(1); and (3)  failing to maintain accurate time and pay records for

Franks and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29

C.F.R. pt. 516.  *Id.* at 2.  Franks, individually, further alleges that Defendants terminated him for

refusing to commit an illegal act.  *Id.*  Franks seeks damages for the alleged FLSA violations and

wrongful termination.  *Id.* at 11.

Defendants filed their answer on March 23, 2015, asserting numerous defenses and

affirmative defenses.  Dkt. 12.  On December 2, 2015, Franks filed a motion for partial judgment on

the pleadings as to certain defenses of Defendants under Federal Rule of Civil Procedure 12(c),

alleging that Defendants failed to adequately plead certain defenses and that certain defenses are

unavailable as a matter of law.  Dkt. 16 at 2.  Defendants then filed an unopposed motion for

extension of time to respond to Franks's motion for partial judgment on the pleadings, and on

January 11, 2011, filed their response along with a request for leave to amend their answer.  Dkts.

19, 21.  Shortly thereafter, Franks filed a reply in support of the motion for partial judgment on the

pleadings, without opposing the Defendants' request for leave to amend their answer.  Dkt. 22.

## II. Motion to Amend Answer

In their response to Franks's motion for partial judgment on the pleadings, Defendants

requested leave to file an amended answer.  Dkt. 21.  Defendants attached the proposed amended

answer to their response.[1]  *See* Dkt. 21, Ex. B.  Franks did not respond to Defendants' request to

amend their answer.  *See* Dkt. 22.  Under Southern District of Texas Local Rule 7.4, "[f]ailure to

respond will be taken as a representation of no opposition."  S.D. Tex. L.R. 7.4.  Therefore, the court

---

[1] Under the scheduling order, the deadline to amend pleadings without leave of court was
November 6, 2015.  Dkt. 15.

deems the motion to amend unopposed.  Accordingly, the motion to amend the original answer (Dkt. 21) is GRANTED.  The court will consider whether the amended answer, rather than the original answer, meets the pleading standards.  *Cf.* 6 Charles Alan Wright et al., Federal Practice and Procedure § 1476 (3d ed. 1998) ("[D]efendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending. If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading.").

### III. AFFIRMATIVE DEFENSES

**A.    Legal Standards**

**1.    Rule 12(c)**

Rule 12(c) allows a party to "move for judgment on the pleadings."  Fed. R. Civ. P. 12(c). However, a motion to strike defenses under Rule 12(f) is more appropriate when a plaintiff disputes the sufficiency of some of a defendant's defenses.  *Compare* Fed. R. Civ. P. 12(f), *with* Fed. R. Civ. P. 12(c).  *See also United States v. Brink*, No. CIV.A. C-10-243, 2011 WL 835828, at *2 (S.D. Tex. Mar. 4, 2011) (Jack, J.) (favoring Rule 12(f) over Rule 12(c) for disputing the sufficiency of affirmative defenses); 5C Charles Alan Wright et al., Federal Practice and Procedure § 1369 (3d ed. 1998) ("If a plaintiff seeks to dispute the legal sufficiency of fewer than all of the defenses raised in the defendant's pleading, he should proceed under Rule 12(f) rather than under Rule 12(c) . . . .").  Under Rule 12(f), the court may, at its discretion, "strike from a pleading an insufficient defense."  Fed. R. Civ. P. 12(f)(1); *In re Beef Indus. AntiDesperado Motor Racing & Motorcycles, Inc. v. Robinson*, No. CIV.A.  H-09-1574, 2010 WL 2757523, at *2 (S.D. Tex. July 13, 2010) (Atlas, J.) (construing the plaintiff's Rule 12(b)(6) motion seeking to dismiss certain defenses as a motion to

3

strike under Rule 12(f)). Here, the court construes the motion for partial judgment on the pleadings as a motion to strike under Rule 12(f).

### 2.    Pleading Standard for Affirmative Defenses

Whether affirmative defenses are subject to the fair notice standard set forth in *Conley v. Gibson* or the heightened pleading standard set forth by the Supreme Court in *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal* is unsettled law in the Fifth Circuit.  *Compare Brink*, 2011 WL 835828, at *3 (applying the plausibility standard to assess the sufficiency of affirmative defenses), *with Rodriguez v. Physician Lab. Servs.*, LLC, No. 7:13-CV-622, 2014 WL 847126, at *2 (S.D. Tex. Mar. 4, 2014) (Alvarez, J.) (applying the fair notice standard to assess the sufficiency of an affirmative defense).  The heightened pleading standard set forth in *Twombly* and *Iqbal* requires a complaint to plead "more than labels and conclusions," providing "factual content that allows the court to draw [a] reasonable inference" that the claim is plausible.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007);  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 128 S. Ct. 1937 (2009).  In contrast, the *Conley* pleading standard requires "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99 (1957) (citation omitted).  The Fifth Circuit has applied the fair notice standard in opinions after *Twombly* and *Iqbal*, suggesting that the lesser standard of fair notice is the appropriate standard for affirmative defenses. *See, e.g.*, *LSREF2 Baron, L.L.C. v. Tauch*, 751 F.3d 394 (5th Cir. 2014); *Garrison Realty, L.P. v. Fouse Architecture & Interiors, P.C.*, 546 Fed. App'x 458 (5th Cir. 2013).  However, in this case it is not necessary to choose between the standards because under either standard the defenses asserted by Defendants in the amended answer are sufficient.

4

**B.      Analysis**

Franks contests the defenses in ¶¶ 64, 68, 74, 75, 77, 78, and 80 of Defendants' original answer. Dkt. 16. In their response, Defendants' withdraw the defenses listed in ¶¶ 64, 74, and 80. Dkt. 21 at 9 n.5. Accordingly, Franks's motion for judgment on those defenses is DENIED AS MOOT. The court will now consider whether ¶¶ 64, 73, 75, and 76 of the amended answer are sufficiently pled.

**1.      Exempt Status Defenses**

To successfully plead the affirmative defense of exemption from FLSA provisions that govern minimum wage and overtime requirements, the defendant must identify the exemption of the FLSA by name. *Floridia v. DLT 3 Girls, Inc.*, No. 4:11-CV-3624, 2012 WL 1565533, at *4 (S.D. Tex. May 2, 2012) (Ellison, J.) (holding a defense asserting that "plaintiff was an exempt administrative and/or executive employee under Section 13(a)(1) of the FLSA" sufficient to give the plaintiff notice); *Vargas v. HWC Gen. Maint., LLC*, No. CIV.A. H-11-875, 2012 WL 948892, at *3 (S.D. Tex. Mar. 20, 2012) (Harmon, J.) (holding a defense insufficient because it did not identify the specific FLSA exemption). Franks argues that Defendants insufficiently plead the defense of exemption from FLSA minimum wage and overtime requirements in ¶¶ 64 and 77 of the original answer because Defendants claim "every single statutory minimum wage and overtime exemption" without alleging "any facts to support even one of them." Dkt. 16 at 7. Defendants' exempt status defenses in the amended answer read:

> The claims of Plaintiff and/or the opt-in Plaintiffs are barred, in whole or in part, by statutory exemptions under the FLSA, including the commissioned employees and executive exemptions pursuant to 29 U.S.C. §§ 207, 213 . . . [and] to the extent that they were employed in the capacity of a bona fide executive, administrative, or professional employee . . . .
>
> . . . .

5

> Specifically, the Plaintiff and/or the opt-in Plaintiffs are exempt under the FLSA, including the commissioned employees and executive exemptions pursuant to 29 U.S.C. §§ 207, 213.

Dkt. 21, Ex. B ¶¶ 64, 75.  These defenses meet the standard, providing specificity by mentioning the specific exemptions in the FLSA.  Accordingly, Franks's motion to strike the defenses asserted in ¶¶ 64 and 75 of the amended answer is DENIED.

### 2.    Good Faith Defense

To successfully plead a good faith defense under the FLSA, merely pleading "good faith" is sufficient to provide the plaintiff with fair notice of the nature of the defense.  *See, e.g.*, *Rodriguez*, 2014 WL 847126, at *3 (holding that merely seeking to "invoke the 'good faith defense' . . . . [g]ives the plaintiff fair notice of the nature of the defense, and avoids an unfair surprise with an unexpected defense").  Franks argues that the court should dismiss Defendants' good faith defense at ¶ 75 of the original answer because the Defendants "'merely repeated the statute.'"  Dkt. 16 at 10 (quoting *Tran v. Thai*,  No. CIV.A. H-08-3650, 2010 WL 723622, at *2 (S.D. Tex. Mar. 1, 2010) (Rosenthal, J.)).  Defendants' good faith defense in the amended answer reads:

> To the extent that any of the Defendants' acts or omission be found unlawful under the FLSA, those actions were taken in good faith and based upon reasonable grounds for believing that the acts or omissions were not violations of the FLSA. Accordingly, Plaintiff is not entitled to recover liquidated damages under the FLSA.

Dkt. 21, Ex. B ¶ 73.  This defense meets the low bar set for good faith defenses, mirroring the language accepted by other courts, and it provides notice to the plaintiff.  *See, e.g.*, *Floridia*, 2012 WL 1565533, at *4 (accepting a good faith defense that stated that "Defendants' acts or omissions, if found to be in violation of the FLSA, were in good faith and based upon reasonable grounds for believing that its actions did not violate the FLSA. Defendants believed Plaintiff would be exempt from the payment of overtime").  Franks's assertion that additional facts are required to plead good

faith, relying on *Tran*, is misguided because the court in *Tran* addressed good faith defenses based on conformity with, and reliance on, administrative regulations, orders, rulings, approvals, or interpretations.  *Tran*, 2010 WL 723622,  at *2; Dkt. 16 at 10.  Accordingly, Franks's motion to strike Defendants' good faith defense is DENIED.

### 3.    Set-Off Defense

In FLSA actions, the defendant may be entitled to set-off an award to the plaintiff by payments already received.  *See, e.g.*, *Martin v. PepsiAmericas, Inc.*, 628 F.3d 738, 742 (5th Cir. 2010); *Singer v. City of Waco, Tex.*, 324 F.3d 813, 828 (5th Cir. 2003).  Franks relies on old case law establishing that "set-offs against back pay . . . are . . . inappropriate in any proceeding brought to enforce FLSA."  *Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974).  However, since 1974, the Fifth Circuit has recognized an exception, allowing set-offs in FLSA cases when the payments made to the plaintiff are considered pre-payments.  *Singer*, 324 F.3d at 828 (upholding the offset of "overpayments paid to fire fighters in some work periods against the shortfalls in other work periods").  The court, however, "continue[s] to look with disfavor on set-offs unless the money being set-off can be considered wages that the employer pre-paid to the plaintiff-employee." *Martin*, 628 F.3d at 742. Defendants' set-off defense in the amended answer reads:

> Any amount due to Plaintiff, the opt-in Plaintiffs, and/or the purported putative collective action members should be set-off by payments received from Defendants, specifically any payments made that did not constitute payments for hours worked, payments made on falsified or inflated hours or work reports, and/or loans or advances on wages that were not later deducted from their wages or otherwise repaid to Defendants.

Dkt. 21, Ex. 2 ¶ 76.  District courts in Texas approve of set-off defenses similar to Defendants'. *Cordero v. Voltaire, LLC*, No. A-13-CA-253-LY, 2013 WL 6415667, at *8 (W.D. Tex. Dec. 6, 2013) (refusing to dismiss the set-off defense of "damages created by Plaintiff causing alleged hours

worked to be falsified and/or inflated"); *Castillo v. Alkire Subway, LP*, No. CIV.A. H-08-2658, 2009 WL 7326074, at *1 (S.D. Tex. Apr. 30, 2009) (Ellison, J.) (refusing to dismiss the set-off defense "for any overpayments . . . that do not constitute payments for hours worked").  Thus, Franks's motion to strike the set-off defense is DENIED.

## IV. CONCLUSION

Franks's motion for partial judgment on the pleadings (Dkt. 16) is DENIED.  Defendants' unopposed motion for extension of time to respond (Dkt. 19) is GRANTED.  Defendants' unopposed motion for leave to file first amended answer (Dkt. 21) is GRANTED.

Signed at Houston, Texas on April 15, 2016.

_____
Gray H. Miller
United States District Judge